UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARLENE MERCADO, on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> SUPERNOVA MANAGEMENT, INC. <br><br> Defendant. | § § § § § § § § § § § § <br><br> CIVIL ACTION NO. : 4:21-cv-3018 |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Supernova Management, Inc. failed to pay Plaintiff Arlene Mercado and dozens of other employees the overtime compensation guaranteed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Defendant paid Plaintiff and all other similarly situated workers on a day rate basis without overtime, despite requiring work weeks of at least 60 hours a week.

3. Defendant issued no overtime payment to Plaintiff and all other similarly situated workers when they worked more than 40 hours in a week.

4. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207. On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

5.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.   Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

7.   Defendant Supernova Management, Inc. is headquartered in Harris County, Texas.

## PARTIES AND PERSONAL JURISDICTION

8.   Plaintiff Mercado is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A. Plaintiff performed work for Defendant within the last three years for which she did not receive the FLSA's required overtime compensation.

9.   The FLSA Class Members are all current and former employees of Defendant paid on a day rate basis that worked at any time during the three-year period before the filing of this Complaint.

10.   Defendant Supernova Management, Inc. is a domestic corporation that may be served process through its registered agent Martin Abraham at 6249 South Loop East, Houston, Texas 77087 or wherever he might be found.

## COVERAGE

11.   In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v.*

*Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

12. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. Both the individual and enterprise coverage are applicable in this case.

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Here, Defendant employed Plaintiff and the FLSA Class Members as part of its furniture business. Plaintiff's and the Class Members' regular job duties consisted of facilitating the sale of furniture that has moved through interstate commerce.

18. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

19. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

20. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendant itself engages in interstate commerce because it orders supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet, and processes loans with banks in other states.

**FACTS**

21. Defendant Supernova Management, Inc. operates a chain of Houston area furniture stores under the trade name "SuperNova Furniture."

22. Defendant operates the following store locations in the Houston area:

   a. 10000 Northwest Freeway, Houston, TX 77092

   b. 201 Sharpstown Center, Houston, TX 77036

   c. 6655 Gulf Freeway, Houston, TX 77087

   d. 1250 Fry Road, Houston, TX 77084

   e. 4545 Eastpark Drive, Houston, TX 77028

23. All of these locations advertise under a common webpage and are controlled by Ana and Martin Abrahams.

24. Plaintiff worked for Defendant as a credit associate from approximately June of 2020 to September of 2021.

25. Plaintiff worked for Defendant at its Northwest Freeway location, its Gulf Freeway location, and its Fry Road location.

26. As a credit associate, Plaintiff was responsible for processing credit applications for furniture purchases, explaining the purchase contracts to customers, and answering the phone.

27. Plaintiff generally worked a five day a week schedule. Each day was 12 hours. Accordingly, Plaintiff's normal workweek was 60 hours.

28. However, Defendant did not pay Plaintiff any overtime. Instead, Defendant paid Plaintiff on a day rate basis. That is, for each day Plaintiff worked, Defendant paid her a flat $175 per day.

29. If Plaintiff did not work a day, she was not paid for that day.

30. If Plaintiff missed a part of a day, her day rate was prorated by the number of hours she worked and reduced accordingly.

31. Defendant did not pay Plaintiff a salary.

32. Defendant did not guarantee Plaintiff a set amount of compensation per week.

33. Defendant did not pay Plaintiff commissions.

34. Defendant did pay Plaintiff a series of non-discretionary bonuses at various points in her career. These bonuses were paid based on pre-announced sales quotas at the stores where she worked. Defendant should have included these bonuses in her regular rate when calculating overtime. But, because Defendant did not pay her overtime, it did not.

35. Defendant still owes Plaintiff her last bonus payment.

36. No exemption in the FLSA shelters Defendant from paying overtime to Plaintiff.

37. Defendant did not pay Plaintiff a salary. Instead, it paid her on a day rate basis. Because Plaintiff was not paid a salary, none of the FLSA "white collar" exemptions—executive, administrative, or professional—can apply.

38. Even if Defendant did pay Plaintiff a salary, her duties would not qualify her for any exemption.

39. Plaintiff did not supervise other employees or manage a customarily recognized department of Defendant's company.

40. Plaintiff did not have authority to hire or fire other employees.

41. Plaintiff performed work related to Defendant's core business, not the management of the company's operations.

42. Plaintiff's primary duty did not require independent judgment or discretion. Instead, Defendant required Plaintiff to carry out her work according to detailed step-by-step procedures promulgated by Defendant.

43. Much of Plaintiff's work consisted of answer the phone or filling out forms created by Defendant.

44. Despite these facts, Defendant misclassified Plaintiff as exempt from receiving overtime pay.

45. Plaintiff is far from alone in her misclassification as exempt at Supernova Management, Inc.

46. Defendant operates under the misconception that paying its employees on a day rate basis instead of hourly insulates it from paying overtime.

47. Defendant uses the same day rate system to compensate the majority of its employees.

48. Apart from its sales employees, Defendant pays virtually its entire workforce on a day rate basis without overtime, including other credit associates, drivers, and warehouse workers.

49.     Defendant even advertises its day rate compensation structure on the hiring portion of its webpage.

50.     Currently, Defendant's hiring webpage (https://www.supernovafurniture.com/Contents/Site/CAREERS/CAREERS/77) (last visited September 16, 2021), contains the following job posting for credit associates:

> The responsibilities for this role include:
> - Processing credit applications with several different finance/lease/loan companies
> - Answering phone calls regarding financing questions/sales
> - Reviewing credit reports (Equifax)
> - Explaining new contracts to customers (in English and Spanish)
>
> Candidates must possess the following skills:
> - Bilingual fluency (English and Spanish) REQUIRED
> Good communication skills
> - Effective organizational skills
> - Interest in helping others with their financial needs
> - Willing to study and take advanced training courses to further knowledge
> - Typing skills required
> - Ability to multi-task is required
> Job Type: Full-time Pay: $175.00 - $200.00 per day

51.     Currently, Defendant's hiring webpage (https://www.supernovafurniture.com/Contents/Site/CAREERS/CAREERS/77) (last visited September 16, 2021), contains the following job posting for delivery drivers:

> Supernova Furniture is one of the fastest growing furniture companies in all of the Houston and surrounding areas! We recently opened our fifth store and are looking to add more delivery drivers to our Operations team to keep up with our company's growth. We are looking for EXPERIENCED drivers that have a Class C driver's license and DRIVER'S MUST HAVE EXPERIENCE SETTING UP FURNITURE PROFESSIONALLY. Responsibilities include helping to load your truck for the day's deliveries, using internal programs to route and handle the corresponding paperwork for each delivery, and then delivering furniture to each customer's house and setting it up/removing the boxes. Our delivery driver's have the final interaction with our customers and we insist on them providing a great customer experience. Drivers are expected to work from 8am to 7pm at least 5 days per week, with most drivers working 6 days per week.
>
> Job Type: Full-time
>
> Pay: $150.00 - $200.00 per day

52. Currently, Defendant's hiring webpage (https://www.supernovafurniture.com/Contents/Site/CAREERS/CAREERS/77) (last visited September 16, 2021), contains the following job posting for warehouse helpers:

> Supernova Furniture is one of the fastest growing furniture companies in all of the Houston and surrounding areas! We have just opened our fifth store and are looking to add more warehouse helpers and delivery helpers to our Operations team. The role includes helping our team receive furniture into our warehouse, move furniture around in the warehouse and on the showrooms, and deliver/set-up furniture to/for our customers. Heavy lifting is required, and ideally we are looking for people that have experience in the furniture industry (i.e. experience setting up furniture professionally). Warehouse and delivery movers/installers are expected to work from 8am to 7pm at least 5 days per week, with most working 6 days per week (Mon - Sat).FURNITURE EXPERIENCE A HUGE PLUS!
>
> Job Type: Full-time
>
> Pay: $125.00 - $150.00 per day

53. As these hiring posts demonstrate, Defendant has a policy of paying its workforce on a day rate basis, rather than hourly with overtime.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

54. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

56. None of the exemptions provided by the FLSA that would excuse the payment of overtime are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

58. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees as exempt from overtime.

59. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant at the various locations of Defendant where she

worked. Plaintiff personally worked with other employees of Defendant under the same day rate compensation structure at multiple job sites for Defendant.

60. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees and pays the FLSA Class Members on a day rate basis without overtime.

61. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

62. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

63. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification and/or the denial of overtime pay.

64. Defendant's failure to pay the overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member. Defendant's failed to pay overtime because it pays all the FLSA Class Members on a day rate basis.

65. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

66. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

67. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

68. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

69. Defendant's conduct was willful and/or with reckless disregard of the FLSA.

70. Defendant did not act in good faith.

71. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> All current and former who worked for Defendant at any time during the three-year period before the filing of this Complaint that Defendant paid on a day rate basis.

## JURY DEMAND

72. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

73. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all employees of Defendant paid on a day rate basis to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
SOSA-MORRIS NEUMAN, PLLC
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS